**Michael SCHETZ, Petitioner–Appellant,**

**v.**

**UNITED STATES of America,
Respondent–Appellee.**

**No. 89–2022.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 22, 1990.

Decided May 1, 1990.

Dennis M. Cooley, Chicago, Ill., for petitioner-appellant.

Loretta H. Davenport, Asst. U.S. Atty., Chicago, Ill., for respondent-appellee.

Before CUMMINGS, CUDAHY and RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

Sidney Springs asked Michael Schetz to help him steal an automobile that both men believed contained cocaine and cash. Schetz agreed and enlisted his friend William Buck to assist him in the operation. On December 6, 1987, Schetz and Buck drove with Springs to a Holiday Inn in Matteson, Illinois, where the automobile was parked. At first, the three men had trouble finding the car containing the cocaine and cash, but Springs eventually learned from an individual in the Holiday Inn that the car they sought had Tennessee license plates. He directed Schetz and Buck to look for a car with Tennessee plates; they found the car, but as Buck opened the door and attempted to pull the lock from the ignition, law enforcement officials foiled their plan and arrested both Schetz and Buck.

Schetz admitted all of these facts in a plea agreement and pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. sections 841 and 846 (1982).[1] The district court accepted the plea and, basing its decision on the Federal Sentencing Guidelines, sentenced Schetz to fifty-one months incarceration followed by three years supervised release. Schetz now challenges the legality of his sentence under the Guidelines.

## I. *Applying the Proper Guideline*

■ Schetz first argues that the district court misapplied the Federal Sentencing Guidelines to determine his sentence. He claims that the court, in calculating his sentence, improperly applied Guideline section 2D1.4 (incorporating section 2D1.1)—which relates to conspiracies involving controlled substances—instead of Guideline section 2B1.1—which relates to larceny, embezzlement and theft. He supports this claim by noting that Guideline section 2B1.1(b)(2) applies specifically when "a firearm, destructive device, or *controlled substance* [is] taken." United States Sentencing Comm'n, *Guidelines Manual* § 2B1.1(b)(2) (Nov. 1989) (emphasis supplied).

We agree with Schetz that section 2B1.1 *may* apply when a defendant is convicted of stealing a controlled substance. But Schetz did not plead guilty to theft; rather, he pleaded guilty to conspiracy to distribute and to possess with intent to distribute cocaine. The district court therefore correctly relied upon section 2D1.4—which applies to conspiracies to commit offenses involving controlled substances—to calculate Schetz's sentence. This calculation is well-supported by the Guidelines; section 1B1.2(a) expressly provides that the district court shall "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) *most applicable to the offense of conviction (i.e., the offense conduct charged in the count of the indictment or information of which the defendant was convicted)."* *Guidelines Manual* § 1B1.2(a) (emphasis supplied). Hence, Judge Duff properly applied section 2D1.4—the Guideline section that most closely correlates with the offense to which Schetz pleaded guilty—to determine Schetz's sentence.[2]

## II. *Minimal or Minor Role*

■ Schetz next alleges that the district court erred by granting him only a two-point offense level reduction for playing a "minor" role in the offense instead of a four-point reduction for playing a "minimal" role. *Guidelines Manual* § 3B1.2. He argues that his part in the offense was extremely limited; further, he notes that

1. Congress amended these sections in 1988, *see* 21 U.S.C.A. §§ 841, 846 (West Supp.1989); the substance of these amendments, however, has no bearing on this case.

2. Schetz's position is substantially undermined by his plea agreement. Had he believed that he committed attempted theft instead of conspiracy, he should not have signed the plea agreement admitting his guilt of conspiracy. On appeal, Schetz does not challenge the basis of his plea agreement, nor have we found any evidence in the record upon which he could do so.

the government, at first, supported a four-point reduction based upon minimal participation.[3]

The Sentencing Guidelines stress that courts should infrequently use downward adjustments for minimal participation: such a point reduction is intended

> to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant.

*Guidelines Manual* § 3B1.2 Application Notes 1 & 2. In reviewing the district court's denial of such a point reduction, we apply the clearly erroneous standard. *United States v. Herrera*, 878 F.2d 997, 1000 (7th Cir.1989); *United States v. Buenrostro*, 868 F.2d 135, 137 (5th Cir. 1989), *reh'g denied*, 873 F.2d 297 (5th Cir. 1989).

In this light, we cannot say that Judge Duff's determination here was clearly erroneous: Judge Duff, in making his determination, considered Schetz's active enlistment of William Buck to help steal the automobile as well as Schetz's knowledge of the substantial amount of cocaine to be distributed. These findings, substantiated by the plea agreement, support Judge Duff's sentencing determination that Schetz's participation was minor and not minimal.

### III. *Drug Quantity Interpolation*

Since Schetz believed that the car contained six pounds (or approximately 2.7 kilograms) of cocaine, Judge Duff applied Base Offense Level 28 from the Drug Quantity Table, which applies to offenses involving at least 2 kilograms but less than 3.5 kilograms of cocaine. *Guidelines Manual* § 2D1.1. Schetz argues that the amount of cocaine involved in this case— and the absence of a Base Offense Level between 28 (2 to 3.5 kilograms) and 26 (.5

to 2 kilograms)—should have led the district court to interpolate between these two levels by departing downward and applying "new" Base Level 27. We are puzzled by Schetz's argument, considering that the amount of cocaine involved in this case fits squarely within the range of Level 28. Accordingly, Schetz's argument on appeal appears to be, at bottom, that Judge Duff erred by refusing to grant an unguided downward departure from Base Level 28 to Base Level 27. We cannot consider this argument because "we do not have jurisdiction to entertain appeals from discretionary refusals to depart downward." *United States v. Savage*, 888 F.2d 528, 530 (7th Cir.1989), *reh'g denied*, 894 F.2d 1495 (7th Cir.1989), *petition for cert. filed* March 13, 1990; *see United States v. Miller*, 891 F.2d 1265, 1270 (7th Cir.1989); *United States v. Franz*, 886 F.2d 973 (7th Cir.1989).

### IV. *Adequate Opportunity to Present Objections*

Schetz concludes by suggesting that the district court violated Guideline section 6A1.3(b) by not giving him an opportunity to challenge its tentative findings and sentencing calculations. The record demonstrates otherwise. Before imposing sentence, the district court entertained lengthy argument from both Schetz and the government regarding disputed sentencing factors contained in the presentence investigation report. Further, the court allowed Schetz to present evidence in mitigation during sentencing. We are convinced from the record that Judge Duff gave Schetz a full and fair hearing in accordance with Guideline section 6A1.3(b).

### Conclusion

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**3.** Schetz fails to note, however, that the government expressly stipulated that its initial calculations were "preliminary in nature and subject to revision by the Court in light of investigation by the United States Probation Officer and the

Court's determination of the facts and the applicable law." Plea Agreement at 2 (June 20, 1988). That is precisely what occurred here. Further, Schetz does not allege on appeal that the government breached the Plea Agreement.