UNITED STATES of America, Appellee,

v.

Sharon Kay LEE, Appellant.

No. 88–5292.

United States Court of Appeals,
Eighth Circuit.

Submitted April 25, 1989.
Decided Oct. 16, 1989.

Scott F. Tilsen, Minneapolis, Minn., for appellant.

Joan E. Lancaster, Minneapolis, Minn., for appellee.

Before ARNOLD, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Sharon Kay Lee appeals from the sentence imposed upon her after pleading guilty to a charge of failing to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2) (Supp. V 1987). Lee had earlier been sentenced to serve eighteen months in prison on a charge of distributing methamphetamine, and was ordered to report to the Federal Correctional Institution in Lexington, Kentucky to serve this sentence. When Lee failed to report, she was arrested and charged with failing to surrender for service of sentence. Lee pleaded guilty to this charge and was sentenced to an additional eighteen months imprisonment, together with two years of supervised release, to be served consecutively with her original sentence. Lee argues on appeal that her sentence was unlawful because the United States Sentencing Commission exceeded its statutory authority when determining the appropriate offense level for the crime of failing to report for service of sentence. Lee also argues that the district court's failure to depart downward from the guideline range was unlawful because of the existence of mitigating circumstances. We reverse and remand for resentencing.

## I.

Lee pleaded guilty on December 11, 1987 to a charge of distributing one ounce of methamphetamine, in violation of 21 U.S.C. § 841, and was sentenced to eighteen months imprisonment. Although sentenced in St. Paul, Minnesota, she was ordered to report to Lexington, Kentucky to serve her sentence. On the date designated for her arrival, Lee failed to report. She later told a United States Probation Officer that she did not turn herself over to prison authorities because she was afraid of prison and did not want to leave her infant son. Lee also stated that she did not have enough money to travel to Lexington, and that her attempts to arrange transportation with others had failed. Lee also admitted that she used drugs during this time period.

Lee was charged with the failure to surrender for service of sentence and pleaded guilty to that charge. This offense is defined in 18 U.S.C. § 3146[1] and the applicable sentencing guideline is section 2J1.6.[2] This guideline applies when sentencing a defendant who fails to appear after being released pending trial, sentencing, appeal, or surrender for service of sentence. The guideline provides for a base level offense of six, which is then increased based on the statutory maximum penalty of the underlying offense. Since a conviction for distributing methamphetamine carries a maximum penalty of fifteen years imprisonment or more, the base level of six was increased by nine, totalling fifteen. The court then decreased Lee's offense level to thirteen for acceptance of responsibility. This resulted in a sentencing range of 18 to 24 months and Lee was sentenced to 18 months imprisonment.

## II.

Lee first contends that the offense level established by the Sentencing Commission in section 2J1.6 exceeds the statutory authority granted to the Commission by Congress and therefore, the appropriate remedy is to invalidate the guideline. Essentially, Lee argues that the Commission exceeded its authority by failing to consider, in the situation where a defendant fails to report after she has been sentenced, the *actual* sentence imposed rather than the maximum *potential* penalty for the underlying offense. While the underlying offense of distributing methamphetamine carried a maximum penalty of fifteen years imprisonment or more, Lee was actually sentenced to only eighteen months for this offense and she argues that Congress in-

**1.** Section 3146 provides in part:

   (a) Offense.—Whoever, having been released under this chapter knowingly—

   . . . .

   (2) fails to surrender for service of sentence pursuant to a court order;

shall be punished as provided in subsection (b) of this section.

   (b) Punishment.—(1) The punishment for an offense under this section is—

   (A) if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction for—

   (i) an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;

   (ii) an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both;

   (iii) any other felony, a fine under this title or imprisonment for not more than two years, or both; or

   (iv) a misdemeanor, a fine under this chapter or imprisonment for not more than one year, or both;

   . . . .

   (2) A term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense.

18 U.S.C. § 3146(a), (b) (Supp. V 1987).

**2.** Section 2J1.6 provides:

   (a) Base Offense Level: 6

   (b) Specific Offense Characteristics

   (1) If the underlying offense is punishable by death or imprisonment for a term of fifteen years or more, increase by 9 levels.

   (2) If the underlying offense is punishable by a term of imprisonment of five or more years, but less than fifteen years, increase by 6 levels.

   (3) If the underlying offense is a felony punishable by a maximum term of less than five years, increase by 3 levels.

*United States Sentencing Commission Guidelines Manual* § 2J1.6, at 2.88.

tended that the disparity between the maximum sentence and her actual sentence must be considered in sentencing her for the failure to appear offense. She asserts that the Commission's failure to incorporate the actual sentence received, as a mitigating factor, into section 2J1.6 renders that provision of the guideline violative of the congressional directive.

■ In reviewing a challenge to an agency's construction of a statute, the agency's construction of the statute must be upheld if it is "sufficiently reasonable" in responding to congressional mandate. *FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981) (quoting *Train v. Natural Resources Defense Council*, 421 U.S. 60, 75, 95 S.Ct. 1470, 1479, 43 L.Ed.2d 731 (1975)). *See also Springdale Memorial Hosp. Ass'n v. Bowen*, 818 F.2d 1377, 1384 (8th Cir.1987). Thus, our task is to determine whether the challenged guideline, section 2J1.6, is "sufficiently reasonable" in

light of the congressional directive given to the Sentencing Commission.

We look first to the statutory background guiding the activities of the Sentencing Commission. In 18 U.S.C. § 3553,[3] Congress stresses that a court should impose a sentence sufficient to comply with the purposes set forth in the statute, but a sentence not greater than necessary to comply with these purposes. Courts are instructed by section 3553 to consider the nature and circumstances of the offense, and to impose a sentence that reflects the seriousness of the offense. Additionally, 28 U.S.C. § 991(b)(1)[4] specifically directs the Commission to establish sentencing policies and practices that meet the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), provide certainty and fairness in sentencing, avoid unwarranted sentencing disparities, and maintain sufficient flexibility by allowing the consideration of mitigating and aggravating factors. Further, 28 U.S.C. § 994[5] establishes the duties of

---

3. Section 3553 provides in part:
   (a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
   (2) the need for the sentence imposed—
   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant;
   . . . .
   (3) the kinds of sentences available;
   (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced.
   (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C. § 3553(a) (Supp. V 1987).

4. Section 991(b)(1) states that:
   The purposes of the United States Sentencing Commission are to—
   (1) establish sentencing policies and practices for the Federal criminal justice system that—
   (A) assure the meeting of the purposes of sentencing as set forth in section 3553(a)(2) of title 18, United States Code;
   (B) provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices; and
   (C) reflect, to the extent practicable, advancement in knowledge of human behavior as it relates to the criminal justice process. . . .
   28 U.S.C. § 991(b)(1) (Supp. V 1987).

5. Section 994(c) provides that the Sentencing Commission:
   shall consider whether the following matters, among others, have any relevance to the nature, extent, place of service, or other incidents of an appropriate sentence, and shall take them into account only to the extent that they do have relevance—
   (1) the grade of the offense;
   (2) the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense;

the Commission, directing the Commission to take into account all relevant circumstances under which an offense was committed which mitigate or aggravate the seriousness of the offense.

Finally, the statute establishing the penalty for failure to appear, 18 U.S.C. § 3146, must be considered in determining whether section 2J1.6 is "sufficiently reasonable" in light of the congressional directive. Section 2J1.6 closely follows the statutory gradation set out in 18 U.S.C. § 3146, which provides that when a defendant fails to appear, her sentence is based upon the statutory maximum penalty for the underlying offense.

■ We are convinced that the application of section 2J1.6 to this case is not in sufficiently reasonable compliance with the statutory authority granted by Congress because the guideline fails to distinguish between failing to appear to serve a sentence already imposed, and failing to appear after a release pending trial, appeal, or sentencing. The defendant who fails to appear pending trial, appeal, or sentencing has no knowledge of what sentence he will ultimately face for the underlying offense. In such a circumstance, the possibility remains that the defendant will be sentenced to serve the statutory maximum sentence for the underlying offense. On the other hand, if a defendant fails to surrender after the sentence has been pronounced, the defendant is not faced with a potential sentence of the statutory maximum, but instead knows the actual sentence that has been imposed. This difference is particularly relevant when the sentence imposed for the underlying offense is significantly less than the maximum penalty for that offense. Here, Lee was sentenced to only eighteen months imprisonment for distributing methamphetamine, but section 2J1.6 requires that she be treated as if she had received a sentence of fifteen years or

more for this offense. We are convinced that by failing to consider this significant circumstance, the Sentencing Commission did not comply with either the section 994 requirement to consider all circumstances which would mitigate or aggravate the seriousness of the offense or the section 991(b)(1) requirement to provide certainty and fairness in sentencing. Thus, the guideline was not in sufficiently reasonable compliance with the statutory mandate.

The government asserts that using the maximum sentence for the underlying offense, rather than the actual sentence imposed, in the calculation will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. We are unpersuaded by this argument. The government seeks to deprive a defendant who receives only a fraction of the maximum sentence for the underlying offense of judicial consideration of this mitigating factor in order to treat similarly all defendants who fail to appear, regardless of the point in the process at which they fail to appear. This is not sufficiently reasonable compliance with the congressional directive.

We are also unpersuaded by the government's argument that using the actual sentence imposed will create unwarranted disparities in sentencing between defendants who strike a plea bargain and defendants who do not. This argument assumes that there will be significant disparities between the lengths of sentences imposed upon defendants who plea bargain and defendants who do not, an assumption we are not willing to make.

The government also argues that section 2J1.6 conforms with the congressional directive by closely following the statutory gradation of 28 U.S.C. § 3146. We reject this argument. Under the pre-guideline sentencing procedures, the district court

(3) the nature and degree of the harm caused by the offense, including whether it involved property, irreplaceable property, a person, a number of persons, or a breach of public trust;
(4) the community view of the gravity of the offense;

(5) the public concern generated by the offense;
(6) the deterrent effect a particular sentence may have on the commission of the offense by others; and
(7) the current incidence of the offense in the community and in the Nation as a whole.
28 U.S.C. § 994(c) (Supp. V 1987).

was given broad discretion in imposing sentences. *See United States v. Goeller,* 807 F.2d 749, 751 (8th Cir.1986). Under that system, the district court could evaluate the sentence imposed for the underlying offense and adjust the penalty for the section 3146 violation accordingly. In its discretion, the court could differentiate between failing to appear to serve an eighteen month sentence and failing to appear to answer a charge where there was a realistic possibility of a sentence in excess of fifteen years. Under section 2J1.6, however, the district court is mandated to increase the base offense level according to the maximum penalty of the underlying offense, and this in turn forms a part of the calculus that determines a specific range for the sentence. Where, as here, the sentence is required by law to be consecutive and without parole, this inflexibility is intensified.

■ Section 2J1.6 ignores the significant difference in circumstances between failing to report for trial or sentencing, when a real possibility exists that the maximum sentence will be imposed, and failing to report for service after sentencing where the sentence to be served is but a fraction of the maximum.[6] The language of section 3553 to consider the nature and circumstances of the offense and to impose a sentence that reflects the seriousness of the offense, and the language in section 991(b)(1) that the sentencing practices provide certainty and fairness, avoid unwarranted sentencing disparities, and consider mitigating factors, convince us that Congress intended courts to consider this significant difference when sentencing a defendant for failure to appear. "The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent." *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 843 n. 9, 104 S.Ct.

2778, 2781 n. 9, 81 L.Ed.2d 694 (1984). We therefore hold that the application of section 2J1.6 in this case is not sufficiently reasonable and violates the statutory mandate given to the Sentencing Commission. We conclude that the appropriate remedy is to invalidate the application of section 2J1.6 insofar as it deals with a defendant's failure to appear after a sentence has been imposed that is but a fraction of the maximum. This will necessitate resentencing as if there were no guideline applicable to this offense.

### III.

Lee also argues that the district court abused its discretion in failing to depart downward due to certain mitigating factors not adequately taken into consideration by the Sentencing Guidelines, as required by 18 U.S.C. § 3553(b). She asserts that the court should have considered the fact that she was a young woman with a small child when sentencing her. Lee states that she was sentenced to an institution in Lexington, Kentucky because the state of Minnesota, in which she lived, did not have a federal institution where female inmates may serve a sentence in excess of one year. Lee contends that serving her sentence far from home makes it difficult to have regular contact with her small child, and is a mitigating factor not adequately taken into account by the Sentencing Commission in promulgating the guidelines, and therefore, section 3553(b) requires the sentencing court to consider it. Thus, she argues that the court should have considered her particular circumstances and departed downward from the eighteen month sentence imposed.

As we reverse and remand for resentencing as if there were no guideline applicable to this offense, it is not necessary that we consider this issue.

---

**6.** We do not address here the issue of applying guideline 2J1.6 to a defendant who fails to appear following sentencing where the sentence imposed for the underlying offense is more than a fraction of the maximum. Lee was sentenced for her underlying offense of distributing methamphetamine under the pre-guidelines sentencing procedures. Such a disparity between the maximum sentence and the actual sentence imposed is unlikely to occur under post-guidelines sentencing procedures.

In sum, we conclude that in a case such as this where a defendant who has received a sentence which is only a fraction of the statutory maximum for an offense and then fails to appear after sentencing to serve that sentence, section 2J1.6 of the guidelines does not govern the sentencing for the failure to appear offense. We remand this case to the district court for resentencing. As there is no other applicable guideline, the district court is instructed to impose a reasonable sentence in accordance with this opinion. *See* 18 U.S.C. § 3742(f)(2).