**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth James SAVAGE, Defendant–Appellant.**

No. 89–1643.

United States Court of Appeals, Seventh Circuit.

Dec. 14, 1989.

Before WOOD, EASTERBROOK and RIPPLE, Circuit Judges.

## Order

Savage contends that our disposition conflicts with *United States v. Lee*, 887 F.2d 888 (8th Cir.1989), which held Guideline § 2J1.6 unlawful to the extent it withholds the authority to consider the difference between the maximum sentence for the underlying offense and the actual sentence. We do not perceive a conflict, however, for two reasons. First, Savage did not contend (and our opinion did not decide) whether § 2J1.6 is unlawful on this account. He argued that the guideline is unlawful because it deprives the district court of authority to take into account the brevity of the delay in reporting, a different subject; our opinion deals only with that subject. Second, *Lee* does not deal with a situation such as ours where the sentence actually imposed on the underlying offense is within the range used to determine the sentence for failure to report. See *Lee*, 887 F.2d at 892 n. 6. Savage was sentenced under provisions applicable to those whose maximum sentence is between five and fifteen years, and his actual sentence fell within that range. By contrast, Lee was sentenced on the underlying offense far below the range used to determine her sentence for failure to report. Any difference between maximum and actual sentences therefore does not arise in this case.

All of the judges on the panel have voted to deny rehearing. The petition for rehearing is therefore DENIED.