Opinion for the court filed by Circuit Judge BUCKLEY.
 

 
 *1512
 
 BUCKLEY, Circuit Judge:
 

 Under the United States Sentencing Guidelines, a defendant who fails to appear before a court will have his punishment for that failure enhanced to reflect the seriousness of the “underlying offense.”
 
 See
 
 United States Sentencing Comm’n,
 
 Guidelines Manual
 
 § 2J1.6(b) (1990). Arguing that the crime for which he was convicted provides the proper basis for calculating the enhancement, Kevin Williams appeals his sentence. Because the district court correctly based the enhancement on the offense for which he was charged rather than that for which he was convicted, we affirm.
 

 I. BACKGROUND
 

 Kevin Williams was indicted on a charge of possession with intent to distribute five grams or more of cocaine base, a felony punishable by up to forty years in prison.
 
 See
 
 21 U.S.C. §§ 841(a)(1), (b)(l)(B)(iii) (1988). Williams subsequently failed to appear for a status call in violation of 18 U.S.C. § 3146(a)(1). Unable to reach a verdict on the principal charge, the jury convicted Williams of simple possession, which is a misdemeanor, and of failure to appear.
 

 The Guidelines govern the sentence for failure to appear and provide for an enhancement based on the maximum penalty for the offense in respect to which the defendant failed to appear.
 
 See Guidelines Manual
 
 § 2J1.6. In preparing the presentence report, the probation officer based his sentencing calculation on the underlying offense of possession with intent to distribute. The defense objected, arguing that the calculation should have been based on the offense for which Williams was actually convicted, namely, simple possession. Had this been done, no enhancement would have been imposed, as simple possession is a misdemeanor. The judge accepted the presentence report over defense objections and, on September 20, 1989, imposed a twelve-month sentence for failure to appear.
 

 On appeal, Williams argues that because the jury convicted him only of a misdemeanor, his sentence should not be enhanced on the basis of the felony with which he was charged.
 

 II. Discussion
 

 The Guidelines direct that a sentence for failure to appear be enhanced in proportion to the penalty authorized for the “underlying offense.” For example, if the underlying offense “is punishable by death or imprisonment for a term of fifteen years or more,” the sentence is increased by nine levels; but if it is
 
 “a felony
 
 punishable by a maximum term of less than five years,” it is increased by three levels.
 
 Guidelines Manual
 
 § 2J1.6(b) (emphasis added). “Underlying offense” is defined as “the offense in respect to which the defendant failed to appear.”
 
 Id.
 
 § 2J1.6 (application notes). This definition compels the approach taken by the district court. Williams failed to appear for his status call before trial, when only the offense of indictment was relevant. He cannot have failed to appear “in respect to” any other crime.
 

 Williams nevertheless relies on cases holding that enhancement factors that refer to underlying offenses must rest on the offense for which the defendant was convicted.
 
 See, e.g., United States v. Williams,
 
 891 F.2d 921, 925-26 (D.C.Cir.1989) (overturning an enhancement for the defendant’s aggravating role as an organizer under Guidelines section 3Bl.l(c) where the defendant was convicted of an offense involving only one participant). This reliance is misplaced. The enhancements in the cited cases depend on the type of conduct involved in the offense itself. In contrast, the enhancement under section 2J1.-6(b) depends not on the nature of the conduct involved in the underlying offense but on the severity of the potential penalty.
 

 Williams contends that his punishment should not be measured by an offense for which the jury did not convict him. He misses the point. Failure to appear constitutes a separate offense. When Williams failed to appear, he committed a crime; and the penalty imposed by the Guidelines for that crime will reflect the severity of the
 
 *1513
 
 punishment that he faced if convicted as charged. Otherwise, the penalty for failure to appear will not provide an accused with sufficient incentive to face the judicial music.
 
 See United States v. Nelson,
 
 919 F.2d 1381, 1384 (9th Cir.1990) (upholding as reasonable the use of the indictment offense under section 2J1.6 even when defendant has been acquitted of the underlying charge because “[o]ne facing a potentially longer prison term has more of an incentive to flee, and thus a longer sentence could be seen as necessary to deter him”).
 

 One circuit has refused to refer to the maximum sentence for the crime charged in applying section 2J1.6.
 
 See United States v. Lee,
 
 887 F.2d 888 (8th Cir.1989). This exception, however, proves the rule. In
 
 Lee,
 
 the defendant failed to appear in court after she had received a sentence that was only a fraction of the maximum possible for the underlying offense. The court held that to use the maximum as the basis for enhancement in her case was “not sufficiently reasonable and [would] violated the statutory mandate given to the Sentencing Commission.”
 
 Id.
 
 at 892. The court explained that “[t]he defendant who fails to appear pending trial, appeal, or sentencing has no knowledge of what sentence he will ultimately face for the underlying offense. In such a circumstance, the possibility remains that the defendant will be sentenced to serve the statutory maximum sentence for the underlying offense.”
 
 Id.
 
 at 891. In contrast, the defendant in
 
 Lee
 
 was “not faced with a potential sentence of the statutory maximum, but instead [knew] the actual sentence that ha[d] been imposed.”
 
 Id.
 
 We, of course, do not decide the question before the court in
 
 Lee,
 
 but note that its reasoning reinforces our own as applied to the facts of this case.
 

 ill. ConClusion
 

 As the district court properly concluded that section 2J1.6 of the Sentencing Guidelines required that Williams’s sentence be enhanced on the basis of the crime for which he was indicted, the sentence is
 

 Affirmed.