**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donald Lee HARPER, Defendant–Appellant.**

**No. 90–2192.**

United States Court of Appeals, Fifth Circuit.

May 22, 1991.

Roland E. Dahlin, II, Federal Public Defender, Thomas Berg, Dola J. Young, Asst. Federal Public Defenders, Houston, Tex., for defendant-appellant.

Paula Offenhauser, Asst. U.S. Atty., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Defendant-appellant Donald Lee Harper pleaded guilty to failure to surrender for service of sentence in violation of 18 U.S.C. § 3146. Harper appeals his sentence imposed under the sentencing guidelines. We AFFIRM.

## BACKGROUND

On September 12, 1988, Harper pleaded guilty to drug offenses involving more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). The district court sentenced Harper to sixty-three months' imprisonment and allowed him to surrender voluntarily for service of his sentence. Harper fled to Mexico and remained a fugitive for over a year before voluntarily surrendering to the U.S. Marshal.

On December 19, 1989, Harper pleaded guilty to failure to surrender for service of sentence. In sentencing Harper under guidelines § 2J1.6, the district court increased Harper's specified base offense level of six by nine levels because his underlying conviction had a maximum possible sentence of fifteen or more years. U.S. S.G. § 2J1.6(a) & (b)(1). The court reduced Harper's adjusted offense level of fifteen by two levels for acceptance of responsibility, for a total offense level of thirteen. Based on Harper's offense level and criminal history category of II, Harper's guideline imprisonment range was fifteen to twenty-one months. The district court sentenced Harper to fifteen months' imprisonment and three years' supervised release, with the imprisonment imposed consecutive to the drug trafficking sentence. Harper timely appealed his sentence.

## DISCUSSION

Harper contends that the Sentencing Commission exceeded its statutory authority when it set the offense levels for failure to report for service of sentence. Harper argues that the Commission acted "irrationally" in promulgating § 2J1.6 because it based the defendant's offense level for failure to report for service of sentence on the maximum potential penalty for the underlying offense, rather than on the defendant's actual sentence. Harper requests that this court either invalidate § 2J1.6 or remand his case for resentencing under § 2J1.6(b)(2).

■■■ This court reviews *de novo* the district court's determination that the Sentencing Commission adequately considered a particular circumstance in formulating the guidelines. *United States v. Vela*, 927 F.2d 197, 198 (5th Cir.1991). Through the Sentencing Reform Act of 1984, Congress granted the Sentencing Commission "broad authority guided by specific goals and principles" to formulate the guidelines. *United States v. White*, 869 F.2d 822, 827 (5th Cir.), *cert. denied*, 490 U.S. 1112, 109 S.Ct. 3172, 104 L.Ed.2d 1033 (1989). The Commission had a great deal of discretion in promulgating the guidelines, and Congress did not prescribe the guidelines' form or substance. *Id.* The Supreme Court has stated that:

> If Congress has explicitly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.

*Chevron v. Natural Resources Defense Council*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). Therefore, we review the Commission's construction of the Sentencing Reform Act, as promulgated in the sentencing guidelines, to determine if it is arbitrary, capricious, or contrary to the Act.[1]

When Harper was sentenced for failure to appear, Section 2J1.6 provided:

Failure to Appear by Defendant

(a) Base Offense Level: 6

(b) Specific Offense Characteristics

(1) If the underlying offense is punishable by death or imprisonment for a term of fifteen years or more, increase by 9 levels.

(2) If the underlying offense is punishable by a term of imprisonment of five or more years, but less than fifteen years, increase by 6 levels.

(3) If the underlying offense is a felony punishable by a maximum term of less than five years, increase by 3 levels.[2]

The Sentencing Commission's background notes state that "[t]his section applies to a failure to appear by a defendant who was released pending trial, sentencing, appeal, or surrender for service of sentence. The offense level for this offense increases in relation to the statutory maximum of the underlying offense." U.S.S.G. § 2J1.6, Background (1989). The parties agree that

1. The Ninth Circuit, applying *Chevron* to review a similar claim, held that the sentencing guideline must be upheld if it is "sufficiently reasonable" in light of the congressional directives of the Sentencing Reform Act. *United States v. Martinez-Cortez*, 924 F.2d 921, 923 (9th Cir. 1991) (citing *Chevron*, 467 U.S. at 843–46, 104 S.Ct. at 2781–83 (1984)). *See also United States v. Nelson*, 919 F.2d 1381, 1382 (9th Cir.1990); *United States v. Lee*, 887 F.2d 888, 890 (8th Cir.1989).

2. Harper was sentenced under the 1989 version of § 2J1.6. This section was amended, effective November 1, 1990, and now differentiates between failure to appear after sentencing, and failure to appear after release pending trial, sentencing, or appeal. Section 2J1.6, as amended, provides a base offense level of 11 for failure to appear for service of sentence. The mitigating factors recognized as special offense characteristics are voluntary return within 96 hours (five level reduction), and that the defendant failed to report to a "non-secure" facility (two level reduction). For all other failures to appear, § 2J1.6 now provides a base offense level of 6, which is increased based on the potential maximum sentence for the underlying offense.

Under the 1989 verson of § 2J1.6, Harper's offense level was 15. Under the current version of § 2J1.6, Harper's base offense level would be 11, and his offense does not qualify for either of the specific mitigating factors.

§ 2J1.6 applies to Harper and provides an offense level of fifteen.

■ Because he was sentenced to sixty-three months' imprisonment, Harper argues that the district court should have applied § 2J1.6(b)(2), providing a six level increase if the underlying offense is punishable by five to fifteen years' imprisonment, rather than § 2J1.6(b)(1), requiring a nine level increase if the underlying offense is punishable by fifteen or more years' imprisonment. This argument fails under the literal terms of the guideline, for the maximum possible sentence for his underlying offense was forty years' imprisonment.

■ Harper further contends that because § 2J1.6 does not distinguish failure to appear after sentencing from failure to appear before sentencing, the Commission did not comply with the Congressional mandate in 28 U.S.C. § 994,[3] to consider all circumstances that would mitigate or aggravate the seriousness of the offense, and 28 U.S.C. § 991(b)(1),[4] to provide certainty and fairness in sentencing. This part of Harper's argument rests solely on *United States v. Lee*, 887 F.2d 888 (8th Cir.1989).

In *Lee*, the Eighth Circuit held that the Commission exceeded its statutory grant of authority in §§ 991(b)(1) and 994 when promulgating § 2J1.6, because the guidelines do not distinguish between failure to appear after sentencing and failure to appear after release pending trial, sentencing or appeal. *United States v. Lee*, 887 F.2d 888, 891 (8th Cir.1989). Harper argues that his case is factually indistinguishable from *Lee*, and therefore this court should find § 2J1.6 invalid.

In *Lee*, the defendant was sentenced to eighteen months' imprisonment for distributing methamphetamines, an offense with a maximum penalty of fifteen or more years' imprisonment. She failed to appear to serve her sentence and incurred an additional eighteen months' imprisonment under guidelines § 2J1.6(b)(1). The court remanded Lee's case, instructing the district court to resentence her as if there were no sentencing guideline for failure to surrender for service of sentence. The court stated that § 2J1.6 "ignores the significant difference in circumstances between failing to report for trial or sentencing, when a real possibility exists that the maximum sentence will be imposed, and failing to report for service after sentencing where the sentence to be served is but a fraction of the maximum." *Id.* at 892. Based on 18 U.S.C. § 3553 and 28 U.S.C. § 991(b)(1), the court found that Congress intended courts to consider this "significant difference" when sentencing defendants for failure to appear. *Id.* The court then invalidated the application of § 2J1.6 to defendants who abscond after sentencing when their sen-

---

**3.** In establishing the categories of offenses, the Commission is to consider, to the extent it deems relevant, "the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense." 28 U.S.C. § 994(c)(2) (1990).

**4.** Congress established the Sentencing Commission to "assure the meeting of the purposes of sentencing as set forth in section 3553(a)(2)." 28 U.S.C. § 991(b)(1)(A) (1990). In § 3553, Congress directed sentencing courts to impose sentences "sufficient, but not greater than necessary" to "reflect the seriousness of the offense," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a), (a)(2) (1990). The sentencing court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.

§ 3553(a)(1), (6) (1990). Congress also directed the sentencing court to impose a sentence within the range set forth in the guidelines, unless the court finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (1990). Under § 991, the Sentencing Commission must also:

> provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices.

28 U.S.C. § 991(b)(1)(B) (1990).

tence is a "fraction" of the maximum possible sentence. Two other circuit courts have expressly distinguished *Lee. United States v. Nelson,* 919 F.2d 1381 (9th Cir. 1990); *United States v. Savage,* 894 F.2d 1495 (7th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2567, 109 L.Ed.2d 750 (1990).

We cannot vacate Harper's sentence based on *Lee* because the congressional intent evidenced in the Sentencing Reform Act and 18 U.S.C. § 3146 requires affirmance. The holding in *Lee* creates two problems. Its subjective "fraction" test for the application of § 2J1.6 invites the kind of sentencing disparities the guidelines were designed to avoid.[5] *See Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 650–51, 102 L.Ed.2d 714 (1989); 28 U.S.C. § 991(b)(1)(A). Thus, the court remanded for resentencing and instructed the district court "to impose a reasonable sentence in accordance with this opinion." 887 F.2d at 893. What is "reasonable" is just as uncertain as what was intolerably "fractional" to the *Lee* court.[6]

Second, 18 U.S.C. § 3146, the statute establishing the penalty for failure to appear, itself grades an offender's penalty according to the statutory maximum penalty for the underlying offense. Although the Eighth Circuit rejected the government's argument that the statutory graduation in § 3146 furnishes support for the Sentencing Commission's gradation for failures to appear for sentencing, 887 F.2d at 892, we respectfully disagree with our brethren. Congress did not see fit to treat failure to appear for service of sentence separately, for punishment purposes, from other types of failure to appear, *e.g.,* for trial or sentencing.[7] Moreover, Congress and the Commission could well have concluded that greater social harm may result when defendants convicted of more serious offenses fail to report for service of sentence, regardless of the actual sentences imposed for their underlying offenses. The fear of recidivism or of the fugitive defendant's committing more serious crimes after he fails to appear for service of sentence might legitimately be correlated to the relative seriousness of the underlying offense as reflected by its statutory penalty range rather than merely the actual sentence imposed. We conclude that § 2J1.6 parallels congressional intent by increasing the offense level for failure to appear based on the seriousness of the underlying offense as reflected in its maximum sentence. This provision also represents a rational, if not the only rational, way for the Commission to have approached the issue of failure to appear.

## CONCLUSION

We cannot adopt the Eighth Circuit's reasoning in *United States v. Lee* to vacate Harper's sentence because the version of § 2J1.6 that governs Harper's failure to appear embodied a rational sentencing choice by the Sentencing Commission within the parameters of applicable statutes. The Sentencing Commission did not exceed its statutory authority in enacting § 2J1.6.

AFFIRMED.

---

5. This problem is compounded because *Lee* did not state the maximum statutory sentence for the defendant's underlying offense. We know only that Lee was sentenced to eighteen months' imprisonment for her drug offense and that the maximum sentence for this offense was *over* fifteen years' imprisonment. We do not know what "fraction" touched the nerve of the court.

6. Applying the subjective "fraction" standard to this case, it is apparent that while Lee's 18–month sentence was one-tenth or less of the maximum imprisonment provided by her offense of conviction, Harper's sixty-three month sentence was considerably more than a "fraction" of the forty years maximum sentence for

his drug trafficking offense. We could thus distinguish *Lee* and affirm Harper's sentence. This distinction, however, would provide no guidance to sentencing courts in similar situations; the courts would only know that the Eighth Circuit considers 18 months a fraction of fifteen or more years' imprisonment, while the Fifth Circuit finds that sixty-three months is more than a fraction of forty years' imprisonment.

7. Accordingly, we conclude that § 2J1.6 complies with the Congressional requirement that the Commission consider mitigating circumstances and provide fairness in sentencing. *See* 28 U.S.C. §§ 991(b)(1), 994.