943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Leonard WASHINGTON, Defendant/Appellant.
 No. 89-3791.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.*
Decided Sept. 3, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Leonard Washington pleaded guilty to a charge of failure to appear in violation of 18 U.S.C. § 3146. On appeal, Washington challenges his conviction, contending that he received ineffective assistance of counsel. Specifically, he claims that he did not have notice of the date that he was to appear, negating the intent element of the crime, and that counsel failed to inform him of this possible defense. He also alleges that his counsel was ineffective due to a conflict of interest. Finally, Washington challenges the constitutionality of Sentencing Guideline § 2J1.6 which calculates his base offense level for this crime.
 
 I. FACTS
 
 2
 On August 17, 1987, Leonard Washington entered a plea of guilty to mail fraud in violation of 18 U.S.C. § 1341, to conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, to assisting in the preparation of false income tax returns in violation of 26 U.S.C. § 7206(2), and to uttering a forged United States Treasury check in violation of 18 U.S.C. § 495.[1] On October 30, 1987, the district court sentenced Washington to two five-year terms of imprisonment on the mail fraud counts and to two three-year terms on his convictions for forgery and preparation of false income tax returns.[2] All sentences were to run concurrently. The district court stayed the execution of sentence until January 4, 1988.
 
 
 3
 On December 18, 1987, Washington filed a motion, with which the government concurred, requesting an extension of his surrender date. On December 29, 1987, the district court issued an in camera order extending Washington's surrender date until March 7, 1988.[3] Washington failed to surrender on March 7; therefore, on March 8, 1988, the government filed a motion requesting the issuance of a bench warrant. The warrant was issued on the same day. A bond revocation hearing was held on March 16, 1988, at which Washington's attorneys appeared. Washington did not appear on this date.
 
 
 4
 Washington was arrested in Indiana on April 1, 1988. A grand jury indicted Washington for failure to surrender to serve his sentence in violation of 18 U.S.C. § 3146. Washington pleaded guilty to this charge on June 22, 1988, and received a sixteen month sentence under the Sentencing Guidelines, to be served consecutive to his sentence on the underlying offenses.
 
 
 5
 On March 7, 1988, the date Washington was ordered to surrender, he was in Singapore visiting his family. He states that his cooperation with the government ended on March 3, 1988. On or around March 3, Washington called his attorneys to ask when he was required to surrender and to ask whether, once a date was set, he could receive an extension. In that conversation, his attorneys told him that they did not know when he was to surrender.[4] Washington left the country on March 5, 1988. Washington contends that he never received a copy of the in camera order setting March 7, 1988, as his surrender date. In addition, Washington believed that due to the cooperation he gave to the government, he would be given time to put his family affairs in order before serving his prison term. Finally, the appellant states that once he was informed that he had missed the surrender date and a bench warrant was issued, he immediately returned to the United States.
 
 II. ANALYSIS
 A. Ineffective Assistance of Counsel[5]
 
 6
 Washington argues that his trial counsel was constitutionally ineffective. He contends that his attorneys incorrectly advised him that intent is not an element to the crime of failure to surrender. He claims that he told his attorneys that he was unaware of the surrender date. They responded that his lack of knowledge was irrelevant and that if the issue was raised, they would have to discontinue representation because they would be called as witnesses. Washington argues that the erroneous advice concerning the intent element of this crime stems from his counsels' conflict of interest, i.e. that counsel would be witnesses if the issue were pressed.[6] Believing that he had no valid defense, Washington pleaded guilty. Washington claims that but for this erroneous advice, he would have insisted that the case be tried arguing lack of intent as a defense.
 
 
 7
 "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970)). The two-prong test announced in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984) is applicable in analyzing claims of ineffective assistance of counsel in guilty plea settings. Therefore, Washington must show:
 
 
 8
 (1) that his attorney's conduct fell below the minimum professional standards of conduct, and (2) that this deficient performance was so prejudicial that the outcome for the defendant was probably changed. Johnston v. Mizell, 912 F.2d 172, 175 (7th Cir.1990), cert. denied, 111 S.Ct. 982 (1991).
 
 
 9
 In challenging a guilty plea, a defendant must demonstrate that he would have insisted on going to trial in the absence of his counsel's errors. See Liss v. United States, 915 F.2d 287, 291 (7th Cir.1990).
 
 
 10
 18 U.S.C. § 3146(a) provides that "[a] person commits an offense if, after having been released pursuant to this chapter-- ... (2) he knowingly fails to surrender for service of sentence pursuant to a court order." The intent element "of the bail jumping statute has been interpreted to mean that 'the person charged ... knows what he is doing. It does not mean that, in addition, he must suppose that he is breaking the law.' " United States v. Sherwood, 770 F.2d 650, 654 (7th Cir.1985) (quoting United States v. Hall, 346 F.2d 875, 880 (2nd Cir.1965)). The intent element is not met if the defendant's failure to appear is "by mistake, accident or in good faith." United States v. Wells, 766 F.2d 12, 20 (1st Cir.1985) (quoting United States v. Bourassa, 411 F.2d 69, 74 (10th Cir.1969), cert. denied, 396 U.S. 915 (1969)).
 
 
 11
 Although there is some support in the record for Washington's claim, the record does not reveal what actually transpired between Washington and his attorneys. When extrinsic evidence is necessary to support a claim of ineffective assistance of counsel, the proper avenue for raising the claim is in a motion for postconviction relief under 28 U.S.C. § 2255. United States v. Taglia, 922 F.2d 413, 417-19 (7th Cir.1991); United States v. Moore, 892 F.2d 642, 649 (7th Cir.1990). Washington's claim can only be reviewed after the facts have been fully developed. Therefore, the submission of additional evidence, and perhaps an evidentiary hearing, on a § 2255 motion is necessary before Washington's claims can be resolved.
 
 B. Sentence
 
 12
 Washington also appeals the calculation of his base offense level under § 2J1.6 of the Sentencing Guidelines.[7] The version of § 2J1.6(a) applicable to this appeal provided a base offense level of 6 with provisions to increase the offense level based on the maximum penalty of the underlying offense. Section 2J1.6(b) provided:
 
 
 13
 (b) Specific Offense Characteristics
 
 
 14
 (1) If the underlying offense in punishable by death or imprisonment for a term of fifteen years or more, increase by 9 levels.
 
 
 15
 (2) If the underlying offense is punishable by a term of imprisonment of five or more years, but less than fifteen years, increase by 6 levels.
 
 
 16
 (3) If the underlying offense is a felony punishable by a maximum term of less than five years, increase by three levels.
 
 
 17
 Under § 21.6(b)(2), Washington's base offense level was increased by six levels.
 
 
 18
 Washington argues that his sentence is illegal pursuant to the Eighth Circuit's decision in United States v. Lee, 887 F.2d 888 (8th Cir.1989). The appellant in Lee successfully challenged the application of § 2J1.6 arguing that the Sentencing Commission exceeded its authority by failing to consider the actual sentence imposed as opposed to the maximum potential sentence. The Eighth Circuit concluded "that the appropriate remedy is to invalidate the application of section 2J1.6 insofar as it deals with a defendant's failure to appear after a sentence has been imposed that is but a fraction of the maximum." Lee, 887 F.2d at 892.
 
 
 19
 The Lee decision is inapplicable to Washington's sentence. Washington was exposed to maximum penalties under his convictions of ten years for uttering forged Treasury checks (18 U.S.C. § 495), three years for assisting in the preparation of false income tax returns (26 U.S.C. § 7206(2)), and five years on each of the mail fraud counts (18 U.S.C. §§ 371 and 1341). He was actually sentenced to five years in prison. Both the actual and potential penalties to which Washington was subject fall within the limits of § 2J1.6(b)(2).
 
 
 20
 This court rejected a similar argument when we denied a petition for rehearing in United States v. Savage, 894 F.2d 1495 (7th Cir.1989).[8] We declined to find the application of § 2J1.6 illegal in "a situation such as ours where the sentence actually imposed on the underlying offense is within the range used to determine the sentence for failure to report."
 
 
 21
 Because we cannot adequately review Washington's ineffective assistance of counsel claim on the record before us, we affirm his conviction without ruling on the issue and without prejudice to his raising this issue in a petition for post-conviction relief under § 2255. We find no error in the district court's calculation of Washington's sentence.
 
 
 22
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Washington was charged in two indictments, HCR 87-44 and HCR 87-91, which were consolidated at the district court level. In all, he was originally charged with 15 criminal violations
 
 
 [2]
 Washington was not sentenced under the Sentencing Guidelines on these convictions
 
 
 [3]
 These extensions were apparently granted because Washington agreed to cooperate with an investigation of others involved in his crimes
 
 
 [4]
 On or about December 29, 1987, counsel received the in camera notice setting the March 7, 1988 surrender date
 
 
 [5]
 Appointed counsel for Washington declined to pursue the ineffective assistance of counsel argument on appeal. This court granted Washington's request to submit a pro se brief on this issue. Appointed counsel only raises an argument under the Sentencing Guidelines
 
 
 [6]
 Washington infers that his attorneys coerced him into pleading guilty due to their unwillingness to testify to their own error of not informing him of the surrender date
 
 
 [7]
 The government correctly points out that § 2J1.6 was amended, effective November 1, 1990. The current version of § 2J1.6(a)(1) provides a base offense level of 11 for failure to report for service of sentence with no increase based on the underlying offense
 
 
 [8]
 Savage petitioned this court for rehearing arguing that our earlier decision in United States v. Savage, 888 F.2d 528 (7th Cir.1989), conflicted with the Eighth Circuit's decision in Lee