**UNITED STATES of America, Appellee,**

v.

**Lino SANCHEZ, Appellant.**

**No. 92–5402.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
April 28, 1993.

Decided June 14, 1993.

---

Michael Chertoff, U.S. Atty., Edna B. Axelrod, Eric L. Muller, Asst. U.S. Attys., Newark, NJ, for appellee.

Ciro A. Mederos, Union City, NJ, for appellant.

Before: BECKER, HUTCHINSON and WEIS, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

In this appeal from a judgment in a criminal case, defendant Lino Sanchez challenges the district court's application of § 2J1.6(b)(2)(A) of the United States Sentencing Guidelines, which requires the addition of nine levels to a defendant's base offense level for the offense of jumping bail where the underlying charge (for which the defendant failed to appear) carries a maximum prison term of fifteen years or more.

Sanchez was on bail awaiting trial on two drug offenses in the District Court for the District of New Jersey when he fled. Two years later, he was arrested in Los Angeles, where he had been living under an assumed name, and was indicted in the District of New Jersey for jumping bail, 18 U.S.C. § 3146. Pursuant to a plea bargain, he pleaded guilty to and was sentenced for the bail jumping offense. At sentencing, the district court applied the nine level enhancement pursuant to U.S.S.G. § 2J1.6(b)(2)(A), rejecting Sanchez's argument that the Sentencing Commission had exceeded the scope of its congressional authorization in the Sentencing Reform Act when it promulgated this guideline. Sanchez then brought this appeal.

Section 2J1.6 sets a base offense level for the offense of bail jumping, and then requires the addition of 3, 6 or 9 offense levels depending upon the statutory maximum jail term for the underlying charge for which the defendant failed to appear. In Sanchez's submission, the requirement in § 2J1.6 that the district court enhance the base offense level according to the maximum sentence for the underlying offense, without regard for the possibility that a defendant might *actually* receive a sentence of less than the statutory maximum, renders the guideline unreasonable. We disagree.

Sanchez contends that the Guideline is unreasonable in light of the provision of the Sentencing Reform Act found at 28 U.S.C. § 991(b)(1)(B), which requires, in part, that the Sentencing Commission "provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct...." We fail to see how this general statutory provision, outlining the purpose of the guidelines, supports Sanchez's contention that the bail jumping guideline's assignment of sentence level enhancements according to the statutory sentence maximum of the underlying offense is unreasonable.

In our view, the bail jumping guideline is eminently reasonable in that it takes into account the likelihood that a defendant who

is facing a more serious charge with a longer possible jail term has a greater incentive to flee than a defendant facing a less serious charge with a shorter possible jail term. *See United States v. Nelson*, 919 F.2d 1381, 1384 (9th Cir.1990). As the D.C. Circuit noted in *United States v. Williams*, 932 F.2d 1515, 1517 (D.C.Cir.1991), absent this enhancement structure, "the penalty for failure to appear will not provide an accused with sufficient incentive to face the judicial music." In short, harsher punishment is needed to deter the defendant facing the longer sentence from jumping bail, and deterrence is a congressionally endorsed purpose of criminal punishment, *see* 18 U.S.C. § 3553(a)(2)(B).

Sanchez relies on the Eighth Circuit's decision in *United States v. Lee*, 887 F.2d 888 (8th Cir.1989). But rather than supporting Sanchez's argument, the reasoning in *Lee* actually lends support to the district court's application of the § 2J1.6(b)(2)(A) enhancement in this case. In *Lee*, the defendant was to surrender voluntarily to serve an eighteen-month sentence on a drug conviction, but she failed to surrender on the appointed day, and was charged with failing to surrender for service of sentence. She pled guilty and was sentenced under a former version of U.S.S.G. § 2J1.6. Because her underlying drug conviction carried a maximum penalty of more than fifteen years, the district court applied the nine-level enhancement in § 2J1.6(b) to her base offense level, even though it was certain at the time Lee failed to surrender that she was avoiding a sentence of only eighteen months, not fifteen years.

The Eighth Circuit concluded that the nine-level enhancement was irrational in Lee's case. The court reached this conclusion by drawing a distinction between the defendant who "fails to surrender after the sentence has been pronounced" and who therefore "is not faced with a potential sentence of the statutory maximum, but instead knows the actual sentence that has been imposed," and the defendant "who fails to appear pending trial ... [who] has no knowledge of what sentence he will ultimately receive," and for whom "the possibility remains that [he] will be sentenced to serve the statutory maximum sentence for the underlying offense." 887 F.2d at 891. The court concluded that imposing the § 2J1.6(b) enhancement on defendants like Lee who fall in the first category is unreasonable, although the enhancement would be proper for defendants who fall within the latter category. *But see United States v. Harper*, 932 F.2d 1073 (5th Cir.) (holding, in contrast to *Lee*, that even when a defendant skipped bail *after* he had been sentenced to less than the statutory maximum, the § 2J1.6(b) enhancement of 9 levels was properly applied), *cert. denied*, —— U.S. ——, 112 S.Ct. 443, 116 L.Ed.2d 462 (1991).

■ Sanchez clearly falls within the latter category of defendants for whom, under *Lee*, application of the § 2J1.6(b) enhancement is appropriate. Unlike Lee, Sanchez had neither been sentenced nor tried at the time he skipped bail. We agree with *Lee* that the nine-level enhancement in § 2J1.6 is entirely rational when applied to a defendant in Sanchez's position, and every Court of Appeals to address the question has reached the same conclusion. *See United States v. Kincaid*, 959 F.2d 54 (6th Cir.1992); *United States v. Gardiner*, 955 F.2d 1492 (11th Cir.1992); *United States v. Williams*, 932 F.2d 1515 (D.C.Cir.1991); *United States v. Agbai*, 930 F.2d 1447 (10th Cir.1991); *United States v. Nelson*, 919 F.2d 1381 (9th Cir.1990).

In short, we conclude that § 2J1.6(b)'s tiered enhancement structure, based on the maximum punishment for the underlying offense, is rationally related to both to the Sentencing Commission's duties and to the statutorily authorized purposes of punishment. Accordingly, the Commission did not exceed the scope of its authority in enacting it.

The judgment will be affirmed.