**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4334

VICTOR WHITE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(CR-95-86-R)

Submitted: January 31, 1997

Decided: March 10, 1997

Before WIDENER, HALL, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rhonda L. Overstreet, LUMSDEN & OVERSTREET, Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Victor White was convicted for failure to appear for trial, in violation of 18 U.S.C.A. § 3146(a)(1) (West Supp. 1996), and sentenced to thirty months imprisonment, followed by three years of supervised release. He appeals his conviction and sentence.

I

In March 1995, White was charged with a drug offense. He was subject to a sentence of not less than twenty years if convicted, because of the quantity of drugs and because of a prior felony drug conviction. White was released on bond to return to Pennsylvania before trial. The trial was initially scheduled for June 27, but was continued to July 7. On that date, White called the clerk's office to say he would be at least an hour late. The judge, jury, and court personnel were present in the court at 9 A.M., the time scheduled for trial, and remained until 10:45 A.M. The district judge then dismissed the jury and adjourned.

Although White claims that he arrived later in the day and went to the courtroom, he did not contact his local probation officer, the district court, or the clerk's office. Around noon, a deputy marshall took White's picture around to all the security personnel in the building; none reported having seen White, and none of them later reported seeing him at any time that day.

White's Virginia probation officer next spoke with him on July 20th. White declared that he would turn himself in, but did not do so. He was apprehended in Queens, New York on August 15. White represented himself as Anthony White, gave a false date of birth, and denied knowledge of any charges in Virginia.

At the jury trial for the failure to appear offense, both White and his sister testified that they had car trouble on the trip to Roanoke, and that he arrived in the courtroom before lunch, called his lawyer, and called his probation officer in Pennsylvania. He presented evidence

2

from a deputy sheriff who testified that he spoke with White in the courthouse, but that he did not know the exact date he saw White until the day he testified. White was found guilty by a jury of the failure to appear, but was subsequently acquitted of the underlying offense.

II

White argues that the evidence against him is insufficient to sustain the conviction, as the government did not prove that he knowingly and intentionally failed to appear for trial. On direct appeal, the verdict must be sustained if there is substantial evidence, viewed most favorably to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The reviewing court must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proved to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

To support a conviction for failure to appear under 18 U.S.C.A. § 3146 (West Supp. 1996), the government must prove that defendant was released on bond, that he was required to appear before a court or judicial officer, and that he knowingly and willfully failed to appear. United States v. Smith, 548 F.2d 545, 548 (5th Cir. 1977). White does not dispute that he had been released, that he knew he was required to appear, or the date and time of the trial. He does assert that he did not knowingly and willfully fail to appear, but was prevented from doing so because of car trouble.

We conclude that the evidence is sufficient to support the conviction. Viewing the evidence in the light most favorable to the Government, White did not appear for court at the scheduled time or by the time he said he would appear. No court personnel reported seeing White in the courthouse that day. He did not contact the district court, the clerk's office, or his local probation officer upon his arrival. Even if White did arrive at the courthouse some time that day, his mere arrival in the building and subsequent departure did not satisfy his obligation or excuse him from liability for his earlier absence. Therefore, this claim lacks merit.

3

III

White also challenges the district court's application of a nine-point enhancement under USSG § 2J1.6(b)(2)(A) (1995) in computing his sentence. He argues that the guideline does not take into account the possibility of acquittal for the underlying offense, as a factor that should affect the sentence for failure to appear.

In determining a sentence on conviction for violation of § 3146, USSG § 2J1.6 begins with a base offense level of 6 for all failures to report except those following imposition of sentence. § 2J1.6(a)(2). The base offense level is then enhanced depending on the maximum sentence possible on the underlying offense. § 2J1.6(b)(2). Here, White faced a possible twenty-year sentence on the underlying drug offense; therefore, his base offense level of 6 was increased by 9 levels. § 2J1.6(b)(2)(A).

Although this circuit has no authority on the issue, several other circuits have upheld the sentencing scheme imposed by this guideline in a variety of factual settings. The Ninth Circuit has upheld its application in a case where, as here, the defendant was acquitted of the underlying offense. United States v. Nelson, 919 F.2d 1381 (9th Cir. 1990).

Other relevant cases include: United States v. Sanchez, 995 F.2d 468 (3d Cir. 1993); United States v. Kincaid, 959 F.2d 54, 56-57 (6th Cir. 1992) (using maximum possible sentence to compute § 2J1.6 enhancement is not arbitrary and capricious though probable sentence based on guidelines is much lower); United States v. Gardiner, 955 F.2d 1492, 1498-99 (11th Cir. 1992); United States v. Harper, 932 F.2d 1073 (5th Cir. 1991) (approving enhancement based on possible sentence although Harper had already received a much lower sentence before failure to appear); United States v. Williams, 932 F.2d 1515 (D.C. Cir. 1991) (upholding enhancement based on maximum sentence of original underlying offense, although Williams was convicted only of misdemeanor); United States v. Agbai, 930 F.2d 1447, 1450 (10th Cir. 1991) (approving enhancement based on five-year maximum although Agbai had received two concurrent ten-month sentences).

4

The guideline language clearly refers to potential rather than actual punishment. Because there is a logical relationship between the length of a possible sentence on a charged offense and the seriousness of evading a court appearance for the offense, the provision does not violate the district court's mandate, under 18 U.S.C.A. § 3553 (West 1985 & Supp. 1996), to consider the nature and circumstances of the offense.

Thus, we hold that the provisions of § 2J1.6 were properly applied to White in computing his thirty-three month sentence for violating § 3146. To the extent that White argues that the district court should have departed below the minimum on the basis of his acquittal for the underlying offense, the district court's decision not to depart is not reviewable, United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990), unless it is based on a mistaken perception of lack of authority. United States v. Hall, 977 F.2d 861, 866 (4th Cir. 1992). The district court here considered and rejected the possibility of departure; therefore, the issue is not open for our review.

We affirm White's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5