**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 24, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20806
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATILDA BONILLA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CR-162-1
---------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Matilda Bonilla appeals her sentence following her conviction for failure to appear for trial to face a 1991 indictment charging her with drug offenses. She argues that the district court erred in upwardly departing pursuant to U.S.S.G. § 5K2.21 for conduct allegedly already accounted for under U.S.S.G. § 2J1.6(b)(2)(A). Bonilla did not object to the upward departure on the basis now

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argued on appeal; therefore, our review is for plain error only. See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Bonilla's double-counting argument fails because the district court based its upward departure on the conduct underlying the dismissed charge, i.e., her drug activity and the fact that she successfully evaded prosecution, factors that did not enter into the determination of the applicable guideline range under § 2J1.6. See U.S.S.G. § 2J1.6 (2002), comment. (backg'd); United States v. Harper, 932 F.2d 1073, 1077 (5th Cir. 1991).

We also reject Bonilla's alternative argument that the evidence was insufficient to justify an upward departure. First, Bonilla's contention that her actions had no bearing on the Government's decision to dismiss the 1991 indictment is meritless given that her status as a fugitive for nearly eleven years directly caused the evidence against her to become stale. Second, absent any rebuttal evidence from Bonilla at sentencing, the district court was entitled to rely on the findings in the presentence report concerning the charged drug offenses. See United States v. Heurta, 182 F.3d 361, 364-65 (5th Cir. 1999).

AFFIRMED.