UNITED STATES of America,
Plaintiff–Appellee,

v.

Harry Lewis NELSON,
Defendant–Appellant.

No. 89–50578.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1990.

Decided Nov. 27, 1990.

Michael J. Brennan, Manhattan Beach, Cal., for defendant-appellant.

Gary S. Lincenberg, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before POOLE, KOZINSKI and THOMPSON, Circuit Judges.

POOLE, Circuit Judge:

Harry Nelson appeals his sentence, imposed after a guilty plea to a charge of failure to appear for a court hearing. He argues that the United States Sentencing Commission, in Guidelines § 2J1.6, violated Congressional intent by gauging the sentence for failure to appear on the statutory maximum of the underlying offense charged, regardless whether the defendant was convicted of that charge. He also argues that § 2J1.6(b)(1) conflicts with the Commission's intent to avoid double counting. We affirm.

FACTS AND PROCEEDINGS

On October 20, 1986, after Special Agents of the Drug Enforcement Administration searched the Nelsons' residence and found methamphetamine and evidence of its manufacturing, Nelson and two co-defendants were arrested. In an indictment returned March 8, 1988, Nelson was charged with one count of conspiring to

manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846 (1988) and two counts of possessing with intent to distribute and one count of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1988).

Nelson failed to appear on July 22, 1988 for a hearing on a motion to suppress and the court issued a bench warrant for his arrest. On August 1, 1988, when Nelson did not appear for a scheduled status conference, the court vacated his August 2 trial date and noted that he remained a fugitive. Nelson was not found until October 12, 1988 when he was arrested on unrelated state drug distribution charges. He later explained to the Probation Officer that he had fled when he learned that his case would not be severed from those of his codefendants. He hoped for a separate trial in which his codefendants could testify on his behalf.

On March 31, 1989, a federal grand jury returned a superseding indictment which included a fifth count for failure to appear in violation of 18 U.S.C. § 3146 (1988). On June 27, 1989, a second superseding indictment was returned in which the count charging distribution was withdrawn.

At a jury trial, following the close of the defense's case, the judge granted Nelson's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 as to the drug counts. Nelson then pled guilty to failure to appear. In sentencing him under Guidelines § 2J1.6(b)(1), the court increased the specified base offense level of six by nine levels because the underlying offense—conspiracy to manufacture and possess with intent to distribute five gallons of methamphetamine—is punishable by a maximum term of imprisonment of twenty years. The court accepted the Probation Officer's recommendation of a two-level reduction for acceptance of responsibility. The resulting offense level of thirteen coupled with a criminal history category of V resulted in a Guidelines range of 30–37 months. The district judge sentenced Nelson to 36 months imprisonment.

## STANDARD OF REVIEW

This court reviews the district court's legal interpretation of the Guidelines de novo. *United States v. Anderson,* 895 F.2d 641, 644 (9th Cir.1990). In reviewing an agency's construction of a statute, the appellate court makes a narrow inquiry into whether the agency's construction is "sufficiently reasonable." *FEC v. Democratic Senatorial Campaign Comm.,* 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981). The agency's interpretation need not be the only reasonable one. *Id.* Thus, in a challenge to a Sentencing Guideline, we seek to determine whether the Guideline is "sufficiently reasonable" in light of Congress' directive to the Commission. *United States v. Lee,* 887 F.2d 888, 890 (8th Cir.1989).

## DISCUSSION

Nelson challenges the application of Guidelines § 2J1.6. This section, located in a part entitled "Offenses Involving the Administration of Justice," reads:

*Failure to Appear by Defendant*

(a) Base Offense Level: 6

(b) Specific Offense Characteristics

    (1) If the underlying offense is punishable by death or imprisonment for a term of fifteen years or more, increase by 9 levels.

    (2) If the underlying offense is punishable by a term of imprisonment of five or more years, but less than fifteen years, increase by 6 levels.

    (3) If the underlying offense is a felony punishable by a maximum term of less than five years, increase by 3 levels.

The commentary notes that "[t]his section applies to a failure to appear by a defendant who was released pending trial, sentencing, appeal, or surrender for service of sentence. The offense level for this offense increases in relation to the statutory maximum of the underlying offense."

Both parties seem to agree that, as written, this Guideline applies to Nelson and calls for an offense level of fifteen. Nelson contends that the application of this

Guideline to someone in his situation violates Congressional intent and the policy of the Sentencing Commission.

## I. *Congressional Intent*

In directing sentencing courts, Congress provided that they are to impose sentences "sufficient, but not greater than necessary," to "reflect the seriousness of the offense," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a), (a)(2) (1988). Courts are to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (6) (1988).

The Sentencing Commission is to "assure the meeting of the purposes of sentencing as set forth in section 3553(a)(2)." 28 U.S.C. § 991(b)(1)(A) (1988). It also must

provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices.

28 U.S.C. § 991(b)(1)(B) (1988). In establishing the categories of offenses, the Commission is to consider, to the extent it deems relevant, "the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense." 28 U.S.C. § 994(c)(2) (1988).

Nelson argues that, in light of these directives, the application of Guidelines § 2J1.6 to him is not sufficiently reasonable. He maintains that, by failing to distinguish between a defendant's conviction of the underlying charge and his acquittal of that same charge, the Commission failed to consider all mitigating or aggravating circumstances and failed to provide certainty and fairness in sentencing.

Appellant cites *United States v. Lee,* 887 F.2d 888 (8th Cir.1989). Lee was convicted of distributing methamphetamine and was sentenced to eighteen months imprisonment. She failed to appear to serve her sentence and was charged with violating 18 U.S.C. § 3146(a)(2) (1988), to which she pleaded guilty. Pursuant to Guidelines § 2J1.6, an offense level of fifteen was assigned which, after a reduction for acceptance of responsibility, resulted in a prison term of eighteen months. 887 F.2d at 889.

On appeal, Lee contended that the Guideline was invalid because the Commission disobeyed the statutory command by failing to consider, as to a defendant who failed to report *after* she had been sentenced, the actual sentence imposed rather than the maximum potential sentence which might have been imposed for the underlying offense. *Id.* at 889. The Eighth Circuit agreed, holding that the Commission had failed to comply with its mandate to consider all mitigating and aggravating circumstances and to provide certainty and fairness in sentencing. *Id.* at 891. That court said that "[s]ection 2J1.6 ignores the significant difference in circumstances between failing to report for trial or sentencing, when a real possibility exists that the maximum sentence will be imposed, and failing to report for service after sentencing where the sentence to be served is but a fraction of the maximum." *Id.* at 892. The court remanded for resentencing without respect to § 2J1.6. *Id.*

Nelson argues that, although his situation is different in that the failure to appear was *before* sentencing, there is an even greater unfairness in his case because he never pleaded guilty nor was convicted of the underlying offense.

Whatever the merit of the Eighth Circuit's holding in *Lee,* Nelson's case is different. *Lee* clearly distinguishes the failure of a defendant to appear who potentially faces the maximum statutory penalty from a defendant who has already been

sentenced to a far lesser term. *Id.* The situation admits of argument, but *Lee* does not address the situation of a defendant who is later acquitted.

As applied to Nelson's situation, we cannot find that the agency's construction is not "sufficiently reasonable." The failure to appear to answer more serious crimes could be seen as a greater offense than when one is initially charged with less serious crimes. One facing a potentially longer prison term has more of an incentive to flee, and thus a longer sentence could be seen as necessary to deter him. The deterrent effect is one of the purposes of sentencing that the Commission and sentencing court are to consider. 28 U.S.C. §§ 991(b)(1)(A), 994(c)(6) (1988); 18 U.S.C. § 3553(a)(2)(B) (1988).

In response to Nelson's argument that § 2J1.6 fails to consider aggravating and mitigating circumstances in violation of 28 U.S.C. § 994(c)(2), we note that that section applies only to circumstances "under which the offense was committed." The judgment of acquittal as to the drug counts occurred a year after Nelson's failure to appear. Thus, the acquittal was not a circumstance under which the offense was committed. Accordingly, it does not mitigate the failure to appear, which Nelson committed when the charges were at their most serious. As the district judge pointed out at sentencing, "[t]he crime is committed and completed when a defendant who is charged with the underlying crime fails to appear."

Finally, § 2J1.6 can be said to reflect the Commission's proper consideration of "the community view of the gravity of the offense" and "the public concern generated by the offense." 28 U.S.C. § 994(c)(4), (5) (1988).

We, therefore, hold that the Commission's construction of the applicable statutes is "sufficiently reasonable" in furthering the statutorily-mandated purposes of sentencing. *Democratic Senatorial Cam-paign Comm.*, 454 U.S. at 39, 102 S.Ct. at 46. True, it is not the only conceivable rational sentencing scheme for failure to appear, but § 2J1.6 withstands this court's "narrow[ ] inquiry." *Id.*

## II. *Double Counting*

■ Nelson also argues that § 2J1.6 violates the Commission's policy against double counting. He points to various provisions to demonstrate this policy. For example, under § 3A1.3, an offense level increase for restraint of a victim is inappropriate where restraint is an element of the offense. Similarly, an increase for obstruction of justice does not apply to convictions for contempt, obstruction of justice, perjury or bribery of a witness. Guidelines § 3C1.1. Also, the rules for grouping of offenses were included in part to "prevent multiple punishment for substantially identical offense conduct." Guidelines Ch. 3, Pt. D, Introductory Commentary.

With respect to his situation, Nelson argues that "[t]he enhancement of the base offense level by an additional nine levels because Nelson faced a potential maximum sentence of at least fifteen years on the underlying charges results in double counting when Nelson has been acquitted on those charges." He maintains that it is double counting to sentence him for failure to appear—the base offense level of six—and also to sentence him as if he had been convicted of the underlying offense—the nine-level enhancement. He contends that such double counting is even more "oppressive" than that which the Sentencing Commission sought to avoid because he was never convicted of the crime that led to his receiving "punishment" in the form of the nine-level enhancement.[1]

Nelson's references in which double counting was explicitly avoided, are not analogous to his situation. There is no double counting here because Nelson is being sentenced for his subsequent crime

1. The government argues that Nelson's double-counting challenge is moot: because Nelson was not convicted of the underlying offenses, the district court could not possibly have counted the underlying offenses twice. As Nelson frames his argument, however, it is not moot. There is still a live issue of whether enhancement based on charges that resulted in a judgment of acquittal amounts to impermissible double counting.

of escape. To enhance an offense level based upon the seriousness of the situation when the underlying offense (i.e., the failure to appear) was committed seems permissible.

AFFIRMED.