**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenneth L. SCHOMBURG, Defendant–
Appellant (Two Cases).**

**Nos. 90–10104, 90–10138.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1991.

Decided April 1, 1991.

Daniel M. Davis, Sacramento, Cal., for defendant-appellant.

R. Steven Lapham, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before FLETCHER, NORRIS and TROTT, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Appellant pled guilty to establishing drug manufacturing operations in violation of 21 U.S.C. § 856. Before he was sentenced, he jumped bail. He was later apprehended and charged with failure to appear in violation of 18 U.S.C. § 3146. He was sentenced to consecutive terms of 30 months for each offense. He appeals the calculation of both sentences.

## I

Appellant first questions his sentence for failure to appear, arguing that it involved double-counting of his offense for establishing manufacturing operations. Under U.S.S.G. § 2J1.6, appellant's offense level for failure to appear is increased by nine levels if the offense in respect to which the defendant failed to appear is punishable by a term of imprisonment of fifteen years or more. Establishing drug manufacturing operations carries a statutory maximum sentence of 20 years, so appellant's offense level for failure to appear was increased by nine. The conviction for establishing manufacturing operations was also used in calculating appellant's criminal history score, raising it by three points and placing him in category V rather than category IV.

Appellant contends that his conviction for establishing manufacturing operations should not have been used in calculating his criminal history score because it was already used in determining his offense level. Appellant points to guideline language that for a prior sentence to count toward his criminal history score, it may not involve conduct that is "part of the instant offense." U.S.S.G. § 4A1.2(a). Because he could not have been convicted of failing to appear unless there were charges against him, appellant contends that the offense of establishing a manufacturing operation was part of the offense of failing to appear.

Appellant's interpretation of this guideline language is untenable. As the case law illustrates, appellant need not have been *convicted* of the manufacturing charge in order to have been convicted of the failure to appear. The offenses are separate and there was no double counting.

■ Although no authority in this circuit is directly on point, *United States v. Nelson*, 919 F.2d 1381 (9th Cir.1990), is instructive. *Nelson* involved a defendant who failed to appear for a suppression hearing in a case in which he was charged with conspiring to manufacture and distribute methamphetamine. In his challenge to his sentence for failure to appear, we upheld the enhancement of his offense level under 2J1.6 for the methamphetamine charge even though he was acquitted of it. *Nelson* illustrates, then, that the enhancement of the offense level is separate from the criminal history score. The enhancement of the offense level reflects the fact that it is a *greater* offense to fail to appear when one is called to answer more serious charges than when one is called to answer less serious charges. *Nelson*, 919 F.2d at 1384. The criminal history score, by contrast, reflects one's failure to learn from past mistakes. The "failure to appear" offense level enhancement is appropriate whenever one is *charged* with a serious crime; the criminal history score increase is appropriate whenever one is *convicted*. In this case, then, the district court did not err in using appellant's conviction for establishing drug manufacturing operations both *to increase the offense level and to increase the criminal history score. Under *Nelson*, the offense level enhancement would have been appropriate even if appellant had been charged but not convicted of the manufacturing offense. The additional use of the offense to raise his criminal history score reflects the additional fact that he *was* convicted.[1]

## II

■ Appellant also challenges the calculation of his criminal history score for both the sentence for establishing a drug manufacturing operation and for the sentence for failure to appear. He argues that in the calculation of both sentences he mistakenly received two points instead of one point for a prior sentence of sixty days in county jail in which the court recommended

---

**1.** Appellant's reliance on *United States v. Lee*, 887 F.2d 888 (8th Cir.1989) and *United States v. Clark*, 711 F.Supp. 736 (S.D.N.Y.1989) is misplaced. *Lee* held that one's offense level for failing to appear to serve a sentence should be calculated on the basis of the actual sentence given, not on the basis of the statutory maxi-

mum. It is simply not relevant; appellant failed to appear *before* he was sentenced. Thus, his offense level could not have been calculated on the basis of his actual sentence. *United States v. Clark*, the other case on which appellant relies, was disapproved by *United States v. Wright*, 891 F.2d 209, 211 n. 1 (9th Cir.1989).

the sentence be served on a weekend work project. Under U.S.S.G. § 4A1.1(b), a prior sentence of imprisonment of at least sixty days is given two points, but under § 4A1.1(c), a prior sentence not involving imprisonment receives only one point. Appellant argues that the presentence report erred in considering the weekend work project to be a sentence of imprisonment. According to appellant's objections to the presentence report, the weekend work project required appellant to work seven hours each Saturday and Sunday under the supervision of the Sacramento County Sheriff's Office, but he was not locked up or in custody.

The guidelines send rather contradictory messages as to the proper calculation of this kind of sentence. § 4A1.2(b) defines sentence of imprisonment as "a sentence of incarceration." Generally, the length of the sentence is determined by "the maximum sentence imposed" rather than by the actual time served. *Id.*, Application Note 2. There are exceptions to this rule, however. Suspended sentences are given only one point under § 4A1.1(c), and if part of the sentence is suspended, the length of the sentence is determined by the portion not suspended. § 4A1.2(b)(2). Application Note 2 reads:

> *Sentences of Imprisonment.* To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence (or, if the defendant escaped, would have served time). *See* §§ 4A1.2(a)(3) and (b)(2). For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum. That is, criminal history points are based on the sentence pronounced, not the length of time actually served. *See* § 41.2(b)(1) and (2). A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed.

Appellant relies on the language in the application note that "[t]o qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence." He argues that

because he was *never* in custody on the 60-day sentence, it should not be counted as a sentence of imprisonment.

As the government points out, however, appellant's eligibility for the weekend work project was ultimately determined by the Deputy Sheriff, who could have imprisoned appellant or not at his discretion. The court's recommendation of the work project did not bind the Sheriff. Thus, the sentence, as pronounced by the court at the outset, was a sentence of imprisonment subject to alteration at the Sheriff's discretion. *See United States v. Shinners,* 892 F.2d 742, 743 (8th Cir.1990) (defendant sentenced to two and one-half years paroled after five months: length of the prior sentence two and one-half years for purposes of 4A1.1). In sum, the district court did not err in calculating the criminal history points for appellant's prior sentence.

AFFIRMED.