942 F.2d 795
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gonzalo MOYA, Defendant-Appellant.
 No. 90-50250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1991.*
Decided Aug. 29, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and KING, District Judge.**
 
 
 2
 MEMORANDUM***
 
 FACTS
 
 3
 Gonzalo Moya was indicted for possession and transfer of counterfeit government obligations. He failed to appear at his counterfeiting trial, and was subsequently indicted for failure to appear, in violation of 18 U.S.C. § 3146. He was tried and convicted of the bail jumping offense, but the counterfeiting charges were dismissed. He appeals his conviction and his sentence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 DISCUSSION
 
 4
 A. Exclusion of Evidence Relating to a Duress Defense
 
 
 5
 Moya argues the district court erred by excluding evidence of his duress defense.
 
 
 6
 A defendant must present evidence creating a factual dispute as to each element of the duress defense. United States v. Williams, 791 F.2d 1383, 1387 (9th Cir.), cert. denied, 479 U.S. 869 (1986).
 
 
 7
 One of the elements of the duress defense is that the defendant sought alternative means of protection before fleeing, and thus breaking the law, to escape the threatened harm. United States v. Atencio, 586 F.2d 744, 747 (9th Cir.1978); see also United States v. Jennell, 749 F.2d 1302, 1305 (9th Cir.1984), cert. denied, 474 U.S. 837 (1985). A defendant is not entitled to pursue a duress defense if he fails to call the police, the court, or his attorney prior to fleeing. Atencio, 586 F.2d at 747. If the defendant "can safely turn himself in to the authorities he will likewise have a reasonable opportunity to escape the threatened harm." United States v. Contento-Pachon, 723 F.2d 691, 695 (9th Cir.1984); Jennell, 749 F.2d at 1305.
 
 
 8
 Moya failed to contact the authorities before fleeing. Moya also failed to present evidence that contacting the authorities would have placed him in further danger. We conclude Moya failed to present sufficient evidence that he had no reasonable opportunity to escape the threatened harm, and was not entitled to present evidence supporting a duress defense.
 
 B. Denial of a Downward Departure
 
 9
 Moya argues the district court erred by refusing to depart downward from the sentencing guidelines for the imperfect defense of duress. U.S.S.G. § 5K2.12. Review of the transcript shows the district court did not mistakenly believe it lacked discretion to depart downward. Because the district court denied the departure as an exercise of its discretion, we lack jurisdiction over this issue. United States v. Garcia-Garcia, 927 F.2d 489, 490-91 (9th Cir.1991); United States v. Dickey, 924 F.2d 836, 838-39 (9th Cir.1991).
 
 C. Enhancement of the Offense Level
 
 10
 Moya argues the district court erred by enhancing his offense level pursuant to U.S.S.G. § 2J1.6. This section provides for enhancement of the offense level for failure to appear if the underlying offense is punishable by death or imprisonment for fifteen years or more. Moya concedes the underlying counterfeiting offense is punishable by fifteen years. Moya argues, however, enhancement is inappropriate because the underlying counterfeiting offense was dismissed.
 
 
 11
 We have held enhancement under section 2J1.6 is appropriate even when a defendant is acquitted of the underlying offense. United States v. Nelson, 919 F.2d 1381, 1384 (9th Cir.1990). Gauging the sentence for failure to appear by the seriousness of the underlying offense is reasonable. Id. Because a defendant facing a more severe offense has a greater incentive to flee, a lengthier sentence for deterrence purposes is appropriate. This is so whether the defendant is acquitted of the underlying offense or the underlying offense is dismissed. Accordingly, the district court did not err by enhancing Moya's offense level based on his failure to appear for trial on the counterfeiting charges.
 
 D. Refusal of Credit for Time Served
 
 12
 Moya argues the district court erred by refusing to credit him for forty days he served in custody on the counterfeiting charges. Moya contends he is entitled to credit under 18 U.S.C. §§ 3585 and 3568.
 
 
 13
 Section 3585 does not entitle Moya to the credit he seeks. Under section 3585, Moya is entitled to credit only for time served for the failure to appear offense, or for any offense for which he was arrested after failing to appear. The forty days credit Moya seeks was not served for the failure to appear offense. It was served as a result of the counterfeiting charges before he failed to appear for trial.
 
 
 14
 Moya also is not entitled to credit under section 3568. This section was repealed and is not applicable to offenses committed after November 1, 1987. Pub.L. No. 98-473, § 212(a)(2), 98 Stat. 1987 (1984); see also Tucker v. Carlson, 925 F.2d 330, 333 n. 4 (9th Cir.1991); Brown v. Rison, 895 F.2d 533, 535 n. 1 (9th Cir.1990). Moya committed the failure to appear offense in November 1988. Accordingly, section 3568 is not applicable.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Samuel P. King, Senior United States District Court Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3