980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eloy Ernesto MARTINEZ, Jr., Defendant-Appellant.
 No. 92-50143.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eloy Ernesto Martinez appeals his sentence imposed under the United States Sentencing Guidelines following entry of a guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). Martinez contends that the district court erred by finding that it lacked authority to depart downward from the applicable Guidelines range because of his drug dependence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Generally, a district court's discretionary refusal to depart downward from the Guidelines is not reviewable on appeal. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 61 U.S.L.W. 3262 (U.S. Oct. 5, 1992) (No. 92-5143). We review de novo, however, a district court's legal determination that it lacked authority under the Guidelines to depart. Id.
 
 
 4
 At sentencing, Martinez, relying on Robinson v. California, 370 U.S. 660, 667 (1962) (state statute which imprisoned the defendant for simply being a drug addict, without evidence of a crime, constituted cruel and unusual punishment), argued that his criminal history category of VI overrepresented the seriousness of his criminal history because the majority of his prior convictions resulted from drug dependence. Martinez's reliance on Robinson is unavailing.
 
 
 5
 We have recently held that drug dependency is not a valid ground for granting a downward departure. See United States v. Anders, 956 F.2d 907, 912-13 (9th Cir.1992); see also United States v. Richison, 901 F.2d 778, 781 (9th Cir.1990) (drug addiction is not a basis for downward departure under U.S.S.G. § 5H1.4). Accordingly, the district court did not err by finding that it lacked the authority to depart downward based on Martinez's drug addiction.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Martinez appears to contend that the district court erroneously calculated his criminal history score by relying on prior convictions for which he had already served time, thus constituting double counting. We have recently considered similar arguments and rejected them. See United States v. Starr, 971 F.2d 357, 361 (9th Cir.1992) (no impermissible double counting where district court included the defendant's probation violation in the criminal history score calculation and used it as a basis for an upward departure); United States v. Schomburg, 929 F.2d 505, 506 (9th Cir.1991) (no impermissible double counting where district court used the defendant's conviction to increase his offense level and to increase his criminal history score). Accordingly, this contention lacks merit