50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel E. THOMSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel E. THOMSON, Defendant-Appellant.
 Nos. 94-30083, 94-30085.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: HALL, O'SCANNLAIN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Daniel E. Thomson and his wife pleaded guilty in an earlier proceeding to maintaining an establishment for the distribution and use of a controlled substance. Judge Michael Hogan, who presided over the drug case, ordered Thomson released pending sentencing. Thomson, however, failed to appear with his wife at the sentencing hearing. On the date of the hearing, Thomson telephoned his attorney and his wife's attorney and, upset over the sentence imposed on his wife, made serious threats against the life of Judge Hogan and Judge Hogan's wife and children. Thomson, his wife, and the two attorneys had a joint defense agreement under which information could be shared without compromising either defendant's attorney-client privilege.
 
 
 3
 Thomson was eventually convicted of failure to appear at the sentencing hearing, in violation of 18 U.S.C. Sec. 3146, and threatening a federal judge and his family, in violation of 18 U.S.C. Sec. 115(a)(1). He appeals his convictions on several grounds and challenges the district court's computation of the base offense level for his failure to appear conviction. We have jurisdiction and hereby affirm in all respects.
 
 I.
 
 4
 Thomson first challenges the district court's denial of his motion to suppress the statements that he made to his attorneys, threatening Judge Hogan and his family. Thomson's main argument is that the statements were protected by the attorney-client privilege. The district court ruled that the statements in question were admissible under the crime/fraud exception to the privilege. In an unpublished order, a motions panel of this court denied an emergency interlocutory appeal of the district court's ruling on this issue. We review the district court's decision de novo. In re Grand Jury Subpoena 92-1(SJ), 31 F.3d 826, 829 (9th Cir.1994).
 
 
 5
 We assume that under the joint representation agreement, Thomson had a valid, ongoing attorney-client relationship with both his own attorney, Mr. Veralrud, and his wife's attorney, Mr. Fredericks. We also recognize that the attorney-client privilege plays an essential role in facilitating the open communications between attorneys and clients that are necessary to the operation of our adversary system. We nevertheless have absolutely no difficulty concluding that Thomson's threatening statements are not protected by the privilege: because the statements to the attorneys clearly were not made for the purpose of obtaining legal advice, the privilege is simply inapplicable. See, e.g., In re Grand Jury Investigation, 974 F.2d 1068, 1071 n. 2 (9th Cir.1992) (listing elements of the privilege).
 
 
 6
 Thomson also argues that admission of the attorneys' testimony violated his Fifth Amendment privilege against self-incrimination. This argument is meritless; since it was Veralrud and Fredericks who testified, and not Thomson, Thomson's Fifth Amendment right against compelled self-incrimination was simply not implicated.
 
 
 7
 The district court did not err in denying Thomson's motion to suppress.
 
 II.
 
 8
 Thomson next contends that the trial judge erred in denying several motions for a mistrial. We review the denial of a motion for mistrial for abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992).
 
 
 9
 The mistrial motions related to testimony given by Judge Hogan. Thomson does not appear to argue in his briefs that Judge Hogan's testimony was not relevant or was erroneously admitted as a matter of law. Instead, he objects to the admission of various statements by Judge Hogan as excessively prejudicial, in particular because the jury would likely attach too much weight to the testimony of a federal judge. While he does not refer directly to the rule, we interpret Thomson's argument as invoking Federal Rule of Evidence 403, which provides for the exclusion of evidence whose probative value is "substantially outweighed" by its prejudicial effect.
 
 
 10
 We note that Judge Coughenour sustained one of Thomson's objections, struck the testimony in question, and instructed the jury to disregard the testimony. At other times, Judge Coughenour gave appropriate limiting instructions about the purposes for which the jury could use Judge Hogan's testimony. In all, our review of the transcript of Judge Hogan's testimony leads us to conclude that the district court did not abuse its discretion in denying Thomson's motions for mistrial.
 
 III.
 
 11
 Next, Thomson challenges the district court's denial of his motion for a new trial, on the basis of newly-discovered evidence. We review this decision for abuse of discretion. United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 12
 After the end of the trial, Thomson moved for a new trial on the grounds that he had been diagnosed as suffering from porphyria, a genetic disease which might have accounted for Thomson's violent threats. He argues that he should have been allowed a new trial, at which he would present expert testimony about the condition, in the hopes either of negating the mens rea element of the threat charge or of establishing an insanity defense.
 
 
 13
 To merit a new trial, newly-discovered evidence must be such that its introduction "will probably produce an acquittal." United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989). Judge Coughenour heard extensive testimony at the hearing on Thomson's new trial request and concluded that the proffered porphyria evidence would not have changed the result of the trial. That conclusion was by no means an abuse of discretion.
 
 IV.
 
 14
 Finally, Thomson challenges the district court's calculation of the base offense level for the failure to appear count. We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Nelson, 919 F.2d 1381, 1382 (9th Cir.1990).
 
 
 15
 Guidelines Sec. 2J1.6(a)(2) provides for a base offense level of six for a failure to appear conviction. Section 2J1.6(b)(2) in turn provides for varying increases in the base offense level, depending upon the maximum penalty the defendant faced when he failed to appear. See U.S.S.G. Sec. 2J1.6(b)(2)(A) (nine level increase if underlying offense punishable by death or fifteen or more years imprisonment); U.S.S.G. Sec. 2J1.6(b)(2)(C) (three level increase if underlying offense a felony punishable by less than five years imprisonment).
 
 
 16
 The district court added nine levels because the maximum penalty for Thomson's prior drug conviction was twenty years. Thomson argues that the proper adjustment was three levels, because he and the government had entered into a plea agreement specifying a recommended sentence of twenty-four months.
 
 
 17
 Thomson's reliance on the Eighth Circuit's decision in United States v. Lee, 887 F.2d 888 (8th Cir.1989), is misplaced. In Lee, the court held that a lesser increase in offense level was appropriate because the defendant had already been sentenced when he failed to appear. Here, by contrast, Thomson had not been sentenced on the drug charge when he failed to appear. The district court was under no obligation to honor the sentence recommendation in the plea agreement, and Thomson remained exposed to the full twenty year maximum. The district court therefore correctly increased Thomson's offense level by nine levels.
 
 V.
 
 18
 Thomson's convictions and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 The Honorable John C. Coughenour, United States District Judge for the Western District of Washington
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3