# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40307
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO GARFIAS-CHAIRES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1462-3

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mauricio Garfias-Chaires pleaded guilty to conspiracy to harbor illegal aliens. The district court imposed a sentence of 25 months of imprisonment. His total offense level included a nine-level enhancement under U.S.S.G. § 2L1.1(b)(2)(C) because the offense involved more than 100 aliens. Because he made no objection to the nine-level enhancement under § 2L1.1(b)(2)(C), our review of his challenges to his sentence based on this enhancement is for plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40307

error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *Id.* If there is no error, we proceed to the second step and review the substantive reasonableness of the sentence. *Id.* at 751-53. Garfias-Chaires argues that the district court erred procedurally in applying the nine-level enhancement pursuant to § 2L1.1(b)(2)(C) because the record as a whole did not support the enhancement. Facts used to determine a sentence must be supported "by a preponderance of the relevant and sufficiently reliable evidence." *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013) (internal quotation marks and citation omitted). The defendant has the burden of presenting evidence to show that the facts contained in the PSR are inaccurate or materially untrue. *Id.* Garfias-Chaires has presented no such evidence and, thus, has not shown that the district court plainly erred in applying the enhancement because of insufficient factual support.

He also argues that the district court erred procedurally in applying the nine-level enhancement pursuant to § 2L1.1(b)(2)(C) because this section of the guidelines is an arbitrary and capricious exercise of the power granted to the Sentencing Commission by Congress. *See United States v. White*, 869 F.2d 822, 827 (5th Cir. 1989); *see also Chevron v. Natural Res. Def. Council*, 467 U.S. 837, 843-44 (1984). Garfias-Chaires argues that choosing 100 aliens as the number required for imposing the nine-level enhancement was arbitrary because the number of aliens involved in the offense is not the best method for quantifying

2

No. 14-40307

the seriousness of the offense, makes no distinction between offenses involving 101 or thousands of aliens, and has not been justified by the Sentencing Commission either factually or procedurally.  Regulations are not arbitrary if they are a reasonable accommodation between conflicting policy choices. *Chevron*, 467 U.S. at 844-45; *United State v. Harper*, 932 F.2d 1073, 1075 (5th Cir. 1991).  In *United States v. Duarte*, 569 F.3d, 528, 531 n.9 (5th Cir. 2009), this court noted that the Sentencing Guidelines were an attempt to resolve the conflicting sentencing goals of 18 U.S.C. § 3553(a) given the differences in sentencing philosophy within the criminal justice community.  The plain error standard is not satisfied if existing precedent must be extended to recognize the alleged error.  *United States v. Jackson*, 549 F.3d 963, 977 (5th Cir. 2008); *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).  On appeal, Garfias-Chaires has not produced anything to show that the nine-level enhancement in § 2L1.1(b)(2)(C) was clearly an arbitrary and capricious exercise of the Sentencing Commission's authority rather than a rational accommodation between conflicting policy choices.  He has not shown that the district court plainly erred procedurally in applying the enhancement.

Finally, Garfias-Chaires raises a substantive reasonableness challenge to the application of the enhancement by asserting that the nine-level increase is excessive for an offense involving 143 aliens.  We review sentences for reasonableness in light of the sentencing factors in § 3553(a).  *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  Garfias-Chaires's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors.  That we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

AFFIRMED.